UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ODTMAN ALFONSO CARDENAS CASTELLANOS, ERMIDES GARZON MENESES, ALIZDA NALLIVE LARA DEL RIO, HERLINDA PATINO GONZALEZ, YOLIMA TRUJILLO MEJIA,<br><br>Plaintiffs,<br><br>v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities,<br><br>Defendants. | Case No. 25-cv-07962<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER** |

Petitioners, ODTMAN ALFONSO CARDENAS CASTELLANOS, ERMIDES GARZON MENESES, ALIZDA NALLIVE LARA DEL RIO, HERLINDA PATINO GONZALEZ, YOLIMA TRUJILLO MEJIA, foreign nationals, have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), and an *Ex Parte* Motion for Temporary Restraining Order contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The Court finds that the requirements for issuing a temporary restraining order without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioners are likely to succeed on the merits of their claims. The Court **GRANTS** Petitioners' *Ex Parte* Motion for Temporary Restraining Order to preserve the status quo pending further

briefing and a hearing on this matter.

The Court hereby **DIRECTS** and **ORDERS** as follows:

1. **Service of Petition**

The clerk of this court shall serve a copy of the Petition and this Order upon Respondents, the civil duty attorney for the United States Attorney's Office, and the United States Attorney for the Northern District of California.

In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the Northern District of California by attaching it to an e-mail sent to her government e-mail address.

2. **Response to Petition**

Respondents shall answer or otherwise respond to the Petition later than September 22, 2025.

3. **Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. *See Plyler v. Doe*, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, *see* 8 U.S.C. § 1252(a)(1), (g), it does, however, have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); *see* U.S. Const. art. I, § 9, cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, the Petition alleges that the

2

1  Petitioner was subject to arrest and detention (and prospective removal) in violation of the
2  Constitution and laws of the United States.  The Court therefore has subject-matter jurisdiction to
3  consider the Petition under 28 U.S.C. § 2241(a).

4  Even if this Court ultimately concludes that it does not have jurisdiction over this Petition,
5  the Court nonetheless has power to act to preserve the status quo in the near term.  A federal court
6  "always has jurisdiction to determine its own jurisdiction," including its own subject-matter
7  jurisdiction.  *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536
8  U.S. 622, 628 (2002)).  In order to give the Court an opportunity to consider whether it has
9  subject-matter jurisdiction, and if so to determine the validity of the habeas Petition, the court may
10 order Respondents to preserve the status quo.  *See United States v. United Mine Workers of Am.*,
11 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing
12 conditions while it [is] determining its own authority to grant injunctive relief," unless the
13 assertion of jurisdiction is frivolous).  Such an order is valid unless and until it is overturned, even
14 when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying
15 action.  See id. at 294-95.  That principle applies with even greater force where the action the court
16 enjoins would otherwise destroy its jurisdiction or moot the case.  *See United States v. Shipp*, 203
17 U.S. 563, 573 (1906).

**4.  Order**

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

a.  **Release from Custody**

Respondents are ORDERED to immediately release Petitioners from custody and ENJOINED AND RESTRAINED from re-detaining Petitioners without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States.  This Order shall remain in effect until October 2, 2025, at 5 p.m.

Petitioners shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

3

### b. <u>Measurement of Time Periods</u>

If the time periods stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C).

If the time periods stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Any of the time periods may be shortened or extended as may be appropriate by further order of the Court.

The Court hereby sets the following briefing schedule:

Government's Opposition to be filed no later than September 22, 2025.

The Clerk of the Court shall randomly assign the matter and set it on calendar for Tuesday, September 23, 2025 at 1:30 p.m. Written order to follow.

**IT IS SO ORDERED.**

_____
Hon. Trina L. Thompson
United States District Judge

Issued at San Francisco, California
September 18, 2025

6:30 PM